# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

AMERICAN OVERSIGHT,
1030 15th Street NW, B255
Washington, DC 20005

*Plaintiff*,

v.

CENTRAL INTELLIGENCE AGENCY,
Office of General Counsel
1000 Colonial Farm Drive
McLean, VA 22101

*and*

U.S. DEPARTMENT OF STATE,
2201 C Street NW
Washington, DC 20520

*Defendants*.

Case No. 22-cv-1167

## COMPLAINT

1. Plaintiff American Oversight brings this action against Defendants Central Intelligence Agency and the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendants have failed to comply with the applicable time-limit provisions of the FOIA, American Oversight is deemed to have exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the Defendants from continuing to withhold department or agency records and ordering the production of department or agency records improperly withheld.

**PARTIES**

5. Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6. Defendant U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that Plaintiff seeks.

7. Defendant Central Intelligence Agency (CIA) is an agency of the federal government headquartered in McLean, Virginia, and an agency within the meaning of 5 U.S.C. § 552(f)(1). CIA has possession, custody, and control of the records that Plaintiff seeks.

## STATEMENT OF FACTS

*CIA Communications FOIA Request*

8. On March 16, 2022, American Oversight submitted a FOIA request to CIA seeking certain communications of specified agency custodians. A copy of the CIA Communications FOIA Request is attached hereto as Exhibit A and incorporated herein.

9. American Oversight requested all responsive records from January 20, 2017, through April 26, 2018. Ex. A.

10. On March 22, 2022, CIA acknowledged American Oversight's request via letter and assigned it tracking number F-2022-01005.

11. As of the date of this Complaint, American Oversight has not received any further communications from CIA concerning the CIA Communications FOIA Request.

*State Communications FOIA Request*

12. On March 16, 2022, American Oversight submitted a FOIA request to State seeking certain communications of specified agency custodians. A copy of the State Communications FOIA Request is attached hereto as Exhibit B and incorporated herein.

13. American Oversight requested all responsive records from April 26, 2018, through January 1, 2020. Ex. B.

14. On March 18, 2022, State acknowledged American Oversight's request via email and assigned it tracking number F-2022-06084.

15. As of the date of this Complaint, American Oversight has not received any further communications from State concerning the State Communications FOIA Request.

*Exhaustion of Administrative Remedies*

16. As of the date of this complaint, Defendants have failed to (a) notify American Oversight of any determination regarding its FOIA requests, including the scope of any responsive records Defendants intend to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

17. Through Defendants' failure to respond to Plaintiff's FOIA requests within the time period required by law, American Oversight has constructively exhausted its administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

18. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

19. Plaintiff properly requested records within the possession, custody, and control of Defendants.

20. Defendants are agencies subject to FOIA and must therefore make reasonable efforts to search for requested records.

21. Defendants have failed to promptly review agency records for the purpose of locating those records that are responsive to Plaintiff's FOIA requests.

22. Defendants' failure to conduct an adequate search for responsive records violates FOIA.

23. Plaintiff is therefore entitled to injunctive and declaratory relief requiring Defendants to promptly make reasonable efforts to search for records responsive to Plaintiff's FOIA requests.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Responsive Records

24. Plaintiff repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

25. Plaintiff properly requested records within the possession, custody, and control of Defendants.

26. Defendants are agencies subject to FOIA and must therefore release in response to FOIA requests any non-exempt records and provide a lawful reason for withholding any materials.

27. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to produce non-exempt records responsive to its FOIA requests.

28. Defendants are wrongfully withholding non-exempt agency records requested by Plaintiff by failing to segregate exempt information in otherwise non-exempt records responsive to its FOIA requests.

29. Defendants' failure to provide all non-exempt responsive records violates FOIA.

30. Plaintiff is therefore entitled to declaratory and injunctive relief requiring Defendants to promptly produce all non-exempt records responsive to its FOIA requests and provide indexes justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order Defendants to conduct searches reasonably calculated to uncover all records responsive to Plaintiff's FOIA requests described in this Complaint;

(2) Order Defendants to produce, within twenty days of the Court's order, any and all non-exempt records responsive to Plaintiff's FOIA requests and *Vaughn* indexes of any responsive records withheld under claim of exemption;

(3) Enjoin Defendants from continuing to withhold any and all non-exempt records responsive to Plaintiff's FOIA requests;

(4) Award Plaintiff the costs of this proceeding, including reasonable attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant Plaintiff such other relief as the Court deems just and proper.

Dated: April 27, 2022                              Respectfully submitted,

*/s/ Mehreen Rasheed*
Mehreen Rasheed
D.C. Bar No. 144880

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 848-1320
mehreen.rasheed@americanoversight.org

*Counsel for Plaintiff*